UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT
MONROE DIVISION

| | |
|---|---|
| **ROCK PODS, L.L.C.** | **CIVIL ACTION NO. 14-1150** |
| **VERSUS** | **JUDGE ROBERT. G. JAMES** |
| **ROCKCRUSHER, L.L.C., ET. AL.** | **MAGISTRATE JUDGE HAYES** |

**MEMORANDUM RULING**

Defendants Grant Shirley and Rockcrusher, LLC removed this matter to federal court on the basis of diversity jurisdiction on June 11, 2014. [doc. # 1]. On November 3, 2014, the Court recognized, however, that Defendants failed to identify the members and citizenship of Defendant Rockcrusher, LLC and Plaintiff Rock Pods, LLC. [doc. # 31, p. 2]. As to Rockcrusher, LLC, Defendants only stated that it is "incorporated and having its principal place of business in Mahoning County, Ohio." [doc. # 1, p. 2]. As to Plaintiff Rock Pods, LLC, Defendants only stated that it is authorized to do business in Louisiana and its "principal place of business is located in Ouachita parish . . . ." *Id.*[1]

Accordingly, the Court granted Defendants leave to amend the deficient jurisdictional allegations.[2] [doc. # 31]. The Court cautioned that if Defendants failed to redress the deficient allegations within seven days, the Court would remand the matter. *Id.* at 2.

Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject

---

[1] Plaintiff's Corporate Disclosure Statement lists its members, but it does not list the members' citizenship. [doc. # 12].

[2] For purposes of diversity, "[a]ll plaintiffs must be diverse in citizenship from all defendants" and the parties' citizenship must be "*distinctly* and *affirmatively* alleged." *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-40 (5th Cir. 1990); *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

matter jurisdiction may be raised at any time.  *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  Furthermore, a court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction.  *Id.*  Indeed, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Here, more than seven days have passed and Defendants have yet to file an amended notice of removal or to seek an extension of time in which to do so.  Thus, the case shall be **REMANDED**, by separate judgment, to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.[3]

In Chambers, Monroe, Louisiana, this 24th day of November, 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants' pending Motion to Dismiss for lack of personal jurisdiction, [doc. # 10], does not preclude remand.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587 (1999) (holding that when subject matter jurisdiction involves no "arduous inquiry," expedition and federalism concerns "impel the federal court to dispose of that issue first.").